GEORGE H. WOOSTER, Respondent, *v.* RUSSELL SAGE, Appellant.

Plaintiff purchased of defendant certain railroad bonds, with the option of returning if he became sick of them, in which case defendant agreed to repay the purchase-money. Plaintiff sold the bonds to others, for whom, as the evidence tended to show, he made the investment, giving them the same option; this they exercised, and plaintiff received back the bonds, tendered them back to defendant and demanded the purchase-money, which defendant refused to repay. In an action to recover the same, *held*, that the transfer by plaintiff did not impair his right to return the bonds.

Plaintiff did not offer to return the bonds until about three years after his purchase. Plaintiff gave some evidence tending to show that the

delay was at the request of defendant; the latter, at the close of plaintiff's evidence, moved for a nonsuit on the ground, among other things, that the agreement was within the statute of frauds, which was denied. The question of time was not afterwards presented, nor was there any request to present it to the jury. *Held*, that the nonsuit was properly denied; that under all the circumstances, as developed, the case did not show conclusively, as matter of law, that the delay was unreasonable; and if it did the point was not available, as there was no exception presenting it.

Also *held*, that the receipt by defendant of the amount of two coupons upon the bonds did not affect his right of recovery, he accounting for the amount received.

Evidence as to the amount of damages is not necessary in such an action.

(Argued September 18, 1876; decided October 3, 1876).

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, modifying and affirming as modified a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 6 Hun, 285.)

This action was brought to recover back the purchase-price paid for two railroad bonds.

In March, 1870, plaintiff purchased of defendant two coupon bonds of the Des Moines Valley Railroad Company, each for $1,000, for $1,800. Plaintiff testified that the agreement was that if at any time he "became sick" of the bonds defendant would take them back, refunding the purchase-price, also that he informed defendant that he had an order from two lady friends for bonds. Plaintiff, soon after the purchase, sold the bonds to two ladies, one to each, stating to them defendant's representations, and gave them the same option as to returning. A payment of interest on the bonds not having been made when due, plaintiff expressed dissatisfaction and a desire to return the bonds. Defendant asserted they were all right and requested plaintiff to hold on. The purchasers of the bonds from plaintiff returned them to him. He received them back. Some three years after his purchase he presented them to defendant and demanded back the purchase-price. Defendant refused to receive the bonds and to refund the purchase-money. They were produced and offered to be sur-

rendered on the trial. Two of the coupons upon each of the bonds had been removed after plaintiff's purchase.

At the close of plaintiff's evidence, defendant's counsel moved for a nonsuit, on the grounds that no damage was alleged or proved, also that the contract was within the statute of frauds, and no written evidence thereof was produced. The motion was denied and said counsel duly excepted. At the close of the case said counsel moved for a dismissal of the complaint on the same grounds, also on the grounds that the evidence was that plaintiff did not return the bonds when he got sick of them, and that he abandoned the contract when he parted with the bonds to others. This motion was denied, and defendant's counsel duly excepted. Said counsel requested the court to charge :

1. That if the jury believe that the plaintiff originally bought the bonds for investment for himself and subsequently desired or determined to part with them, it was his duty to offer them to the defendant before offering them to any other person.

2. That if the jury believe that the plaintiff originally bought the bonds for investment for himself, and afterwards became sick of them, and instead of offering them to the defendant, sold and delivered them to other persons, he by such sale and delivery waived the benefit of the defendant's alleged contract.

3. That at the utmost the plaintiff, under the evidence, is entitled to only nominal damages.

The court declined so to charge, and defendant's counsel excepted.

The court charged in substance, among other things, that if the agreement was as testified to by plaintiff, defendant was bound to take them back, and to pay back the purchase-money, whether the bonds were good or bad, whether they rose or fell in the market; also, that the transaction with the ladies did not affect his right to return, and had no materiality except to aid in determining the truth as to the original contract, and that if they found for the plaintiff he was entitled to the amount of the purchase-price, with interest, to all

which defendant's counsel duly excepted. The General Term modified the judgment by deducting therefrom the amount of the coupons taken from the bonds, with interest.

*C. M. Da Costa* for the appellant. The sale, by plaintiff, made his title absolute, and put an end to his option. (*Charter* v. *Stevens,* 3 Den., 38.) The purchase-money paid by the vendee is not the measure of damages. (*Giles* v. *Bradley,* 2 J. Cas., 253.) No basis was furnished for awarding more than nominal damages. (*Potter* v. *Le Roy,* 30 N. Y., 549, 556 ; *Dustan* v. *McAndrew,* 44 id., 98.)

*De Witt Stafford* for the respondent. Plaintiff had a right, by the contract, to return the bonds. (Chitty on Cont., [new ed.], 650, note J. ; Story on Cont. [5th ed.], 305, § 1091 ; Story on Sales [2d ed.], 433 ; *Eno* v. *Woodward,* 4 Comst., 249 ; *Bridgford* v. *Croker,* 60 N. Y., 627 ; *Dustan* v. *McAndrew,* 44 id., 72 ; *Bement* v. *Smith,* 15 Wend., 453 ; *Shannon* v. *Comstock,* 21 id., 460 ; *Slade* v. *Morley,* 4 Coke, 92 *b.* ; *Orr* v. *Bigelow,* 14 N. Y., 556 ; *Burrell* v. *Rott,* 40 id., 496 ; *George* v. *Brader,* 70 Penn. St., 56 ; *Giles* v. *Bradley,* 2 J. Ch., 253.) Plaintiff's transactions with the persons to whom he sold the bonds were not material. (*Oatman* v. *Taylor,* 29 N. Y., 649, 663 ; *Malony* v. *Horan,* 12 Abb. [N. S.], 289 ; *Brown* v. *Bowen,* 30 N. Y., 541 ; *Plumb* v. *Cat. Co. Mut. Ins. Co.,* 18 id., 392 ; *Hutchins* v. *Hebbard,* 34 id., 24.)

*Per Curiam.* This action was brought to recover back the purchase-price of two railroad bonds at $1,800, which were purchased upon certain representations and with the option to return if the purchaser became sick of them, in which case the defendant was to repay the purchase-money.

The plaintiff, soon after the purchase, sold them to two ladies, one to each, and the evidence tends to show that he made the investment for them. When he sold them he stated to the ladies the representations of the defendant, and gave

them the same option, which they exercised, after which the plaintiff offered to return the bonds. The court charged that the transaction with the ladies did not impair the right of the plaintiff to return the bonds, which is strenuously insisted to be error. We have carefully examined the elaborate brief of the learned counsel for the defendant upon this point and the authorities cited by him, and feel constrained to disagree with him and concur with the General Term affirming the decision at Circuit. If the sale had been absolute the plaintiff might be deemed to have exercised his option not to return the property upon the ground that the act was inconsistent with the continuance of the option. But the sale was not absolute. The same right was expressly reserved and continued. There is some force in the argument that the defendant's agreement to receive back the bonds and return the purchase-money was limited to the contingency only of the plaintiff's becoming "sick" of the bonds, and not of third persons who might purchase from him. But there was no restriction in the agreement. It was not made material how or for what reason the plaintiff became dissatisfied, or by what influences. He may have acted upon the advice of a friend or submitted to the opinion of a third person. His dissatisfaction, however produced, gave him the unqualified right to return. The defendant had no election to exercise, and was not injured in a legal sense by the transaction with the ladies. When the plaintiff offered to return the bonds, he was dissatisfied with them. He had this option, and the transaction with the ladies was not an act inconsistent with the exercise of this right. He did not, by that transaction, place it beyond his power to return them, as such a return was contemplated by the terms of the transaction itself. We have not been referred to any authority adverse to these views.

We concur, also, with the court below, that the question of time was not distinctly presented except on a motion for nonsuit. The nonsuit was properly denied on that ground, because there was evidence tending to show that the delay was at the request of the defendant, and the case does not

show that the point was afterwards presented. It is said that
other propositions charged involved the question of time. If
this is true, it was only indirectly and inferentially. The
court charged, it is true, that if the contract was as alleged
the plaintiff was entitled to recover, but this proposition was
intended only to decide the nature and legal character of the
agreement. So in respect to the charge that the transaction
with the ladies was immaterial. This was only deciding that
the fact of such a sale in its character did not preclude the
plaintiff from returning the bonds. In order to predicate
error the point in controversy should be distinctly presented
to the mind of the judge and a decision made thereon. This
was not done. If it had been it is impossible to determine
what the decision would have been. Nor was there any
request to submit the question to the jury. The delay was
considerable and perhaps unreasonable, but the effect of the
conversation between the parties soon after the purchase might
be regarded as an excuse, or justification for not returning
the bonds earlier and if a question had been made the fact
whether this conversation took place, might and probably
would have been submitted to the jury. It is not allowable
for a party thus to lie by and then allege error upon a decis-
ion not necessarily intended to involve the point. Under all
the circumstances developed on the trial the case does not
show conclusively as a matter of law that the time was unreason-
able, and if it did, the point would not be available without
an exception.

The plaintiff was not bound to prove damages. It was a
part of the agreement that the defendant would refund the
money paid for the bonds, and the authorities are quite deci-
sive, that the party has a right to demand the consideration.
It may be that when the seller refuses to accept a return, the
purchaser may dispose of the property and bring his action for
the deficiency, but even if he has that right he may bring the
action for the purchase-money as upon a rescission of a con-
tract. The decision in 2 Johnson's Cases, 253, was to this
effect; and the observations of the court illustrating the point

decided could not have been intended to lay down a different doctrine. The receipt of the amount of two coupons was, from the nature of the property, contemplated by the parties and was properly allowed by the General Term, but such receipt would not affect the right of recovery. Nor was the amount the plaintiff sold the bonds for, or that he paid on receiving them back, of any moment. It had no bearing upon the right of the plaintiff under his contract with the defendant. He was obliged to account for the amount he received on the coupons as for the contemplated use of the property, but any profit in the transaction, if there was any, stands upon a different footing and cannot be regarded as any part of the property to be returned. (70 Penn., 56 ; 4 Comst., 249.)

The judgment must be affirmed.

All concur.

Judgment affirmed.