PHILIP A. FITZPATRICK, Respondent, *v.* LAUREN C. WOODRUFF, Appellant.

Defendant, in December, 1872, being the owner of certain bonds issued by a railroad company, the payment of which at maturity he had guaranteed to the company, sold them to plaintiff, who purchased without knowledge of the value of the bonds and in reliance upon a promise of defendant, that if at any time he (plaintiff) became dissatisfied with the bonds, defendant would, on thirty days notice, take them back and return the money paid for them with interest. Plaintiff held the bonds, receiving the interest thereon until July, 1875, when default being made in the payment of the interest, he wrote defendant expressing dissatisfaction and giving the thirty days notice; thereafter he tendered the bonds and demanded back the money paid, which defendant refused to pay. In an action to recover the amount, *held,* that the agreement was not within the statute of frauds and plaintiff was entitled to recover; that conceding the general rule that where the time in which an option is to be exercised is not limited, it must be within a reasonable time, applied to the case, as plaintiff had no reason to be dissatisfied until the non-payment of interest, the notice was given within a reasonable time.

(Argued June 25, 1884; decided October 7, 1884.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 6, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover the amount paid by plaintiff to defendant for certain bonds of the Erie and Genesee Valley Railroad Company.

The road of said company had been leased to defendant, and he had guaranteed to the company the ultimate payment of said bonds. Plaintiff's testimony was to the effect that he

purchased the bonds in December, 1872, in reliance upon an agreement on the part of defendant, that if at any time plaintiff became dissatisfied with them, he (defendant) would take them back on thirty days notice and return the money paid with interest. The road was a small one and plaintiff had no knowledge as to the value of the bonds. The interest was paid upon them semi-annually until July, 1875, when default having been made plaintiff wrote to defendant expressing dissatisfaction and giving him the thirty days notice. After the expiration of that period plaintiff tendered back the bonds and demanded the money paid with interest; this defendant declined and omitted to pay.

Further facts appear in the opinion.

*F. J. Fithian* for appellant. If the time within which the option is to be exercised or condition performed be not fixed and limited by the agreement, then such option must be acted upon and condition performed or abandoned within a reasonable time. (1 Pars. on Cont. [6th ed.] 539 and note; *Wooster* v. *Sage*, 67 N. Y. 67; *Thomas* v. *Dickinson*, 12 id. 364, 369; *Lawrence* v. *Miller*, 86 id. 131.) Where the facts are all ascertained, what is a reasonable time within which an act must be done, either in performance of a contract, or as a condition to the enforcement of a right, is a question of law. (*Sice* v. *Cunningham*, 1 Comst. 397; *Hill* v. *Hobart*, 16 Me. 168; *Atwood* v. *Clark*, 2 Greenl. [Me.] 229; *Carter* v. *Carter*, 14 Pick. 424; *Hayden* v. *Town of Stoughton*, 5 id. 528.) As to options determinable upon the happening of a future event time is affected by the nature and character of the event upon which the option depends. (2 Pars. on Cont. 662, m. p.)

*Alexander B. Johnson* for respondent. The contract in this case is not within the statute of frauds. The rule of *stare decisis* should be applied. (*Wooster* v. *Sage*, 67 N. Y. 67; *Eno* v. *Woodward*, 4 id. 249, *Allen* v. *Eighmie*, 14 Hun, 560; 79 N. Y. 632; *Disborough* v. *Nelson*, 3 Johns. Cas. 81.) The request to direct a verdict for the defendant on the ground that

it appears by the evidence that the title to those bonds is not in the defendant, and that he cannot give a good return title was properly denied. (*Oatman* v. *Taylor*, 29 N. Y. 663; *Burrell* v. *Root*, 40 id. 496; *Mekes* v. *Adirondack Co.*, 2 Hun, 112.) If the agreement can be fairly construed to settle the time at which the option is to be determined, or where the facts are clearly established and undisputed, the question of reasonable time is one of law. (1 Pars. on Cont. [2d ed.] 538; *Ellis* v. *Paige*, 1 Pick. 43; *Porter* v. *Blood*, 5 id. 54; *Kingsley* v. *Wallace*, 14 Me. 57; *Sice* v. *Cunningham*, 1 Cow. 396; *Backus* v. *Shipperd*, 11 Wend. 629; *Murray* v. *Smith*, 1 Hawks. [N. C.] 41; *Atwood* v. *Clark*, 2 Greenl. [Me.] 249; *Hill* v. *Hobart*, 16 Me. 164.) Where the question depends upon certain contradicted points, or where the motives of a party enter into consideration, the whole must be submitted to the jury. (*Hill* v. *Hobart*, 16 Me. 164; *Green* v. *Haines*, 1 Hill, 254; *Sage* v. *Hazard*, 6 Barb. 179; *Ellis* v. *Thompson*, 3 M. & W. 245; *Moss* v. *Sweet*, 3 Eng. C. L. & Eq. 312; 16 Q. B. 493; *Beverly* v. *Lincoln G. L. Co.*, 6 A. & E. 837.) Even in cases where the purchase-price was unpaid, it is the duty of the court to consider the intention of the parties in making the agreement. (*Westcott* v. *Thompson*, 18 N. Y. 363; *DeFondear* v. *Shottenkirk*, 3 Johns. 170; *Moak* v. *Wickham*, 14 id. 167; *Moss* v. *Sweet*, 3 Eng. L. & Eq. 311, 313, note; 16 Q. B. 493; *Beverly* v. *Lincoln G. L. Co.*, 6 Ad. & El. 829; B. & G. Peake's Nisi Prius Cases, 78; *Neat* v. *Ball*, 2 East, 116; *Bement* v. *Smith*, 15 Wend. 493; *Crocker* v. *Flax M'fg Co.*, 3 Sum. 530; *Atwood* v. *Colt*, 16 Pick. 227; 2 Pars. on Cont. 534.) By the determination of his option, plaintiff had a right to sue for and recover his money within six years. (*Desborough* v. *Nelson*, 3 Johns. Cas. 81; *Eno* v. *Woodward*, 4 N. Y. 249; *George* v. *Brader*, 70 Penn. St. 156.)

MILLER, J. The plaintiff's recovery in this action is based upon the ground that he was induced to purchase certain railroad bonds, the ultimate payment of which was guaranteed by the defendant to the railroad company and not to others at

maturity.   The evidence of the plaintiff upon the trial tended to show that the defendant, immediately prior to the purchase of the bonds, promised him that if at any time he became dissatisfied with the bonds, he, the defendant, would take them back on thirty days notice and return the money paid by the plaintiff for them with interest; that the plaintiff had no knowledge in regard to the value of the security of the bonds except that which was derived from the defendant, and that, relying entirely upon the defendant's statement, he purchased the bonds in December, 1872, holding the same and receiving the interest thereon until July, 1875, when, default being made in the payment of said interest, plaintiff immediately wrote to the defendant expressing his dissatisfaction and giving him the thirty days notice required by the arrangement; that the bonds were subsequently tendered to defendant, and this action brought to recover the purchase-price paid for the same.   Although there was evidence contradicting some of the most material facts proven by the plaintiff, yet, as the jury found in favor of the plaintiff, we must regard the facts as substantially established in support of the judgment.

The decisions of this court uphold the doctrine that where a purchase is made of securities, upon a representation as to their value which induced the purchase, and a promise to return the money paid for them if the purchaser becomes dissatisfied, the contract is not within the statute of frauds, and binds the party who enters into it. ( *Wooster* v. *Sage,* 67 N. Y. 67; *Allen* v. *Eighmie,* 79 id. 632.)

·  In *Wooster* v. *Sage* (*supra*) the plaintiff purchased of defendant certain railroad bonds with the option of returning them if he became dissatisfied, in which case defendant agreed to repay the purchase-money.   Plaintiff sold the bonds to others upon the same option, and being returned to him he received the same, tendered them to the defendant and demanded back the money paid for them, and it was held that the agreement was not within the statute of frauds and that the defendant was liable.   The case last cited is directly in point as to the promise of the defendant being within the statute of frauds,

and it is not apparent that any ground of distinction exists which authorizes a determination of that question in the case at bar adverse to the rule there laid down.   While not called upon to extend that rule, no reason is shown why it should not be adhered to and followed.   We do not agree with the learned counsel for the appellant that the case cited has extended the doctrine of parol optional contracts to such an extreme limit as to be in conflict with the statute of frauds, and we see no occasion for a reconsideration of the reasons for that decision or of the principle upon which it is founded.  · It must, therefore, stand as the basis upon which similar cases are to be decided, and when the same question is presented it must be regarded as fully within the doctrine of *stare decisis.*

It is undoubtedly the general rule, as is claimed by the appellant's counsel, that where an option to be exercised or a condition to be performed is not limited by the agreement, then such option must be acted upon and condition performed or abandoned within a " reasonable time."

Assuming the rule stated as applicable to the facts presented in the case at bar, we are unable to perceive that it was violated by the plaintiff.   The bonds were purchased December 20, 1872, and interest paid regularly up to July 1, 1875.   Plaintiff had no occasion, therefore, to exercise his option until this time.   It was only then, when payment of the interest was refused, that he had reason to be dissatisfied with the purchase of the bonds.   Immediately thereafter he gave written notice to defendant that he was dissatisfied and demanded a repayment of his money within thirty days.   Again, on the 31st day of July, in answer to a letter of the defendant, he stated that the original offer to redeem the bonds was accepted by him and that he had notified him, the defendant, to that effect, and that he wished him to redeem them.   Up to the time when the interest was refused no reason had existed for dissatisfaction on the part of the plaintiff, and, under the circumstances, the notice given by him to the defendant was within a reasonable time and ·within the rule contended for.   There was no dispute as to the facts, and

no request to go to the jury upon the question whether the notice was given within a reasonable time, on the contrary the appellant claimed that the question was entirely one of law, and it was properly so determined. The interest being paid promptly up to the time when the first default was made, and it not appearing that there was any occasion for the plaintiff, prior to that time, to doubt the responsibility of the Erie Railway Company and of the guarantors of the bonds, he was not called upon to make any inquiry on the subject in order to protect his rights. In the case of *Wooster* v. *Sage* (*supra*), this question as to reasonable time, was not raised or passed upon, nor is there any indication in the opinion that if it had been it would have been controlling. The trial court, in disposing of the motion to dismiss the complaint, based its decision upon the ground that, as defendant was ultimately responsible for the payment of the bonds, the question of reasonable time did not arise. It certainly can make little difference to defendant whether his liability is enforced in the present action or hereafter. But, even if the court was wrong in its reason, the motion was properly denied, as the election was made within a reasonable time.

It is no answer to plaintiff's claim to say that the defendant might have disposed of the bonds absolutely at a premium. There is no proof that he even had an opportunity to do so, or that they, at any time, exceeded in value the amount paid for them, and under no circumstance, as the case stands, did he sustain any loss by reason of the plaintiff failing to exercise his option before it was done.

In view of the conclusion already reached it is not necessary to consider the question whether the plaintiff had a right, under the arrangement, to return the bonds whenever he became dissatisfied, without regard to the time when that event should occur, and we do not determine the same.

There was no error committed upon the trial and the judgment should be affirmed.

All concur.

Judgment affirmed.