Brady, J.
This action was brought by the plaintiff to set aside and annul a judgment in favor of the defendant Rosenson, against the defendant Bernard Stone, which was assailed upon the ground that it was fraudulent and founded upon no consideration whatever. The learned justice in the court below upon a careful consideration of the facts and circumstances disclosed by the evidence, for which he is distinguished, arrived at the conclusion that the evidence was insufficient to impeach the judgment. He said further that the alleged fraud, with respect to it, was not satisfactorily established. He said in addition, that the fraud need' not be shown by' direct proof, but might be by circumstan *619 tial evidence, but that when circumstantial evidence was relied upon it must be of a nature to clearly establish the fraud. The learned justice said, also, in his opinion, that the evidence was ample to sustain the consideration for the note upon which the judgment was recovered. Although there were some facts, perhaps suspicious, characterizing the transaction of the purchase of the note upon which the judgment was based, yet nevertheless they were consistent with honest dealing and in all these views an examination of the case shows the learned justice to be correct. In the case of Smith v. Nelson, 62 N. Y., 288, Andrews, J., said:
The jurisdiction in one court to vacate, in an independent action, the judgment of another having power to render it, is in its nature so extraordinary as to demand a. close adherence to principles and precedents in exercising it.
That a judgment is final and conclusive of the rights or thing which is adjudicated by it, is the rule, and judgments, and decrees of competent courts, will not be annulled for a suspicion of fraud.
The learned counsel for the appellants insists that the statement of the defendants and a critical examination of the testimony of the witnesses called on behalf of the defense show, from a combination of circumstances, very suspicious and inconsistent with fair dealing, and that there was no consideration whatever for the note of which the judgment was predicated. But as we have already seen mere suspicions are not sufficient to interfere with the judgment.
In Jaeger v. Kelly, 52 N. Y., 214, it was held that a creditor seeking to invalidate a sale upon the ground of fraud must prove facts from which a legitimate inference of fraudulent intent can be drawn. Evidence simply justifying a suspicion is not sufficient. And in the case of Shultz v. Hoagland, 85 N. Y., 464, it was said that it was not sufficient that the facts were ambiguous and just as consistent with guilt as with innocence, if taken together they were consistent with an honest intent.
It is the observation of courts of justice resulting from the examination of cases affecting almost every kind of trade or barter that people in different spheres of life have different modes of conducting their transactions, expressing their views and carrying out their commercial relations. What would seem therefore to be suspicious and ambiguous, and perhaps absurd, in one realm would be looked upon in another as a legitimate mode of conducting the transaction involved. It is a universal principle that whenever an instrument or a record of any kind is assailed upon the ground of fraud, the assault to be successful must be sustained by evidence justifying no other reasonable conclusion than that *620 it was tainted with the destroying element alleged to have existed.
It is now well established that an appellate court is not warranted, upon the sole ground that in its opinion the court should have reached a different conclusion, in reversing a judgment. It must appear that the proof so clearly preponderated in favor of a contrary conclusion that it can be said with a reasonable degree of certainty that the court erred in its conclusion. Baird v. Mayor, 96 N. Y., 561.
The judgment should be affirmed.
Daniels, J., concurs.