HENRY G. CATLIN, Appellant, *v.* WILLIAM W. GREEN, Respondent.

Where the time within which an option is to be exercised is not limited by the agreement, it must be acted upon within a reasonable time, and, unless required by the contract, no notice to exercise the option is required to limit the time.

The B. W. & N. R. R. Co. entered into an agreement with defendant and another as trustees for purchasers of the franchise and property of a

railroad, by which said company agreed to lease its franchise, rights and privileges to a new company to be organized by the trustees, and to receive therefor a specified amount of the stock of the new company. It was provided that in case the new company at any time during the period of the lease should issue mortgage bonds, the holders of said stock so transferred should have the right to exchange their stock for an equal amount of the bonds. The agreement was carried out, the stock delivered in payment for the lease was soon thereafter sold and transferred by the lessor, but the transfer was not entered on the books of the new company. Subsequently, the new company issued mortgage bonds. Nine years thereafter and after the new company had passed into the hands of a receiver and its stock had become worthless, plaintiff, who was the owner of a portion of the stock so transferred, presented the same to defendant and demanded that it should be exchanged for bonds, and this having been refused, brought this action to recover the value of the bonds. *Held,* that plaintiff and the previous owners of his stock were chargeable with *laches* in the exercise of the option, and so had waived all right to elect to exchange the stock for bonds.

(Argued April 22, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made the fourth Monday of October, 1887, which affirmed a judgment in favor of defendant, entered upon the decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*Daniel Nemirs* and *C. L. Lyon* for appellant. The agreement not being executed in the name of any principal, by the defendant and one Elwell (since deceased), it is their personal obligation. (*Dewitt* v. *Walton,* 9 N. Y. 571; *Pumpelly* v. *Phelps,* 40 id. 67; *Briggs* v. *Partridge,* 64 id. 571; *Getty* v. *Binsse,* 49 id. 385; *Risley* v. *Brown,* 67 id. 161; *Richardson* v. *Draper,* 87 id. 337.) The plaintiff was a *bona fide* purchaser of the stock in question; the certificates were duly assigned, transferred and delivered to him, which assignment and the power thereon indorsed, vested the entire title, legal and equitable to the stock, in him and the benefit of all covenants, and securities for its payment. (*Craig* v. *Parks,*

40 N. Y. 181; *Jermain* v. *L. S. & M. S. R. Co.*, 91 id. 485; *McNeil* v. *T. N. Bank*, 46 id. 331; *Comean* v. *G. F. O. Co.*, 3 Daly, 218; *Allen* v. *Brown*, 44 N. Y. 228; *Meeker* v. *Claghorn*, Id. 349; *Sheridan* v. *Mayor*, 68 id. 30; *Lawrence* v. *Fox*, 20 id. 268; *Barlow* v. *Myers*, 64 id. 41; *Vrooman* v. *Turner*, 69 id. 280; *Dingeldein* v. *T. A. R. R. Co.*, 37 id. 575; *Van Schaick* v. *T. A. R. R. Co.*, 38 id. 346; *Craigs* v. *Parkis*, 40 id. 81; *E. Bank* v. *Kaufmann*, 93 id. 276.) The defendant, by his own laches, is estopped from claiming any waiver and forfeiture. (*Underwood* v. *F. Ins. Co.*, 57 N. Y. 505; *Kemble* v. *Darrow*, 7 J. & S. 447.) Mere forbearance by a creditor, without express notice or request to him to proceed and enforce the liability of the principal, will not discharge the guarantor or surety. (*Smith* v. *Miller*, 52 N. Y. 545; *H. M. Co.* v. *Farrington*, 82 id. 121; *Newcombe* v. *Hale*, 90 id. 326.)

*E. Louis Lowe* for respondent. This action is brought upon a covenant contained in a sealed instrument, which is known in law as a deed *inter partes*, and upon such an instrument no one can sue unless he be a party to it. (Chitty on Cont. [5th Am. ed.] 57; Chitty on Plead. 3; *Spencer* v. *Field*, 10 Wend. 88; *Briggs* v. *Partridge*, 64 N. Y. 357, 361; *Lawrence* v. *Fox*, 20 id. 268; *Hoffman* v. *Schwaebe*, 33 Barb. 194; *A. N. Bank* v. *F. N. Bank*, 46 N. Y. 90; *Wheat* v. *Rice*, 97 id. 302.) This action is based upon a covenant, and equity can afford no relief, if the plaintiff is no party to it. (*Jermain* v. *L. S. R. R. Co.*, 91 N. Y. 483.) The purchaser or assignee of shares of the capital stock in a corporation acquires no other or better title than the seller or assignor has, and takes it subject to the legal and equitable rights of third persons. (*Weaver* v. *Barden*, 49 N. Y. 288.) It was not the legal duty of the North Second Street Company to notify appellant, or those under whom he holds title to his stock, to exercise their option to call for bonds, and there was no laches. (*Vyse* v. *Wakefield*, 6 M. & W. 442; 7 id. 126; *Johnson* v. *Trask*, 46 Hun, 417; *Fitzpatrick* v. *Woodruff*, 96 N. Y.

565; *Payne* v. *Ives*, 3 D. & R. 664; *Wooster* v. *Sage*, 67 N. Y. 72.) The adoption of the agreement of Elwell and Green by the North Second Street Company, with the concurence of the Winfield Company, was a positive waiver of the original agreement by the Winfield Company, so far as Elwell and Green were concerned. (*Van Vlieden* v. *Welles*, 6 Johns. 89; *Van Schaick* v. *T. A. R. R. Co.*, 38 N. Y. 347.)

HAIGHT, J. This action was brought to recover the value of the bonds of the North Second Street and Middle Village Railway Company to the amount of $2,000 par value. On the 28th day of July, 1870, the Brooklyn, Winfield and Newton Railroad Company entered into an agreement with John Elwell and William W. Green as trustees of the purchasers of the Metropolitan Railway Company in and· by the terms of which the former company agreed to lease to the company to to be organized by the trustees under the name of the North Second Street and Middle Village Railway Company, its franchise, rights and privileges for the period of ninety-five years, and was to receive therefor $30,000 of the stock to be issued by the new company. It was further agreed on the part of the trustees, that "In case they or the company or corporation to be formed by them, as aforesaid, shall, hereafter, at any time during the period of said ninety-five years, issue mortgage bonds covering the tracks, property, franchises, etc., of said company or corporation, then and in such case, the holders of the said $30,000 of said stock, or any portion of them, shall have the right to exchange the amount of said stock so held by them for a like amount of said bonds so issued."

The other provisions of the contract were carried out by the parties, and subsequently, and in the month of May, 1875, the new company issued mortgage bonds upon its road to the amount of $125,000. In the month of ·September, 1884, the plaintiff became the holder of $2,000 of the capital stock of the new company, issued in payment for the aforesaid lease, which stock he presented at the company's office and demanded

that it should be exchanged for the bonds which it had there-tofore issued, and on being refused he made a similar presentation to the defendant, and demand that he make such exchange, which was also refused. At the time that this presentation and demand was made the bonds of the company were worth ninety cents on the dollar. The stock had depreciated so as to become of no value. An action had been commenced for the foreclosure of the mortgage covering the bonds so issued, and a receiver had been appointed and entered into possession of the property, rights and franchises of the company. Over nine years had elapsed since the mortgage bonds had been issued and the company had become insolvent. The company so organized by the trustees had given to the defendant a bond of indemnity, undertaking to save harmless from all liability, claims and demands, including that which might arise under the provisions of the agreement. The trial court found that the plaintiff and the previous owners of the stock were chargeable with laches in the exercise of the option given under the agreement, to convert the stock into bonds, and had thereby abandoned and waived all right to elect to have such stock exchanged for bonds, and that the tender and demand was not made within a reasonable time after the right to elect, under the agreement, to convert the stock into bonds had accrued.

This finding appears to conform to the rule, that where an option to be exercised or a condition to be performed is not limited by the agreement, such option must be acted upon and the condition performed or abandoned within a reasonable time, and this is well sustained by authority. (*Fitzpatrick* v. *Woodruff*, 96 N. Y. 561-565; *Wooster* v. *Sage*, 67 id. 67; *Johnston* v. *Trask*, 40 Hun, 415; 116 N. Y. 136–143; *Vyse* v. *Wakefield*, 6 M. & W. 442–451.)

The appellant contends that the doctrine of estoppel lies at the foundation of the law as to waiver. That while one party has time and opportunity to comply with a condition precedent, if the other party does or says anything to put him off his guard, and induce him to believe that the condition is

waived, or that strict compliance will not be insisted on, he is afterwards estopped from claiming non-performance of the condition.

This we may concede. But what has the defendant done or said that has put the plaintiff or the former owners of the stock off their guard, or induced them to believe that strict compliance would not be insisted upon. Our attention is called to no such word or act of the defendant, and in our examination of the case we fail to discover any.

It is further contended that no notice was given by the defendant to the plaintiff, or former owners of the stock, to exercise the option or that it would be deemed abandoned. Very true, but no such notice was required by the provisions of the contract, or by any rule of law to which our attention has been called. It appears from the testimony that the stock issued to the Brooklyn, Winfield and Newton Railway Company for its lease was soon thereafter, and before the mortgage bonds had been issued, indorsed by its treasurer in blank and transferred to other parties. The transfer, however, was never entered upon the books of the company, so that the defendant or the officers of the North Second Street and Middle Village Railway Company had no means of knowing who were the holders of the stock.

The plaintiff or the prior owners of the stock had the right, within a reasonable time after the mortgage bonds had been issued, to present their stock at the company's office and have it exchanged for bonds. But this option should have been exercised within a reasonable time. The holding of the stock for upwards of nine years, until it had become worthless and the company insolvent, and until its property and assets had passed into the hands of a receiver, thus making performance impossible, amounts to gross laches and a waiver of the right to exercise the option and demand performance.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.