(5 App. Div. 592.)

## BOWDISH v. BRIGGS.

(Supreme Court, Appellate Division, Third Department.   May 4, 1896.)

CONTRACTS—PARTIAL PERFORMANCE—RIGHT TO RECOVER.

    Defendant, in an action on a contract, cannot defeat recovery on the ground that the contract was entire, and that plaintiff did not fully perform it, where plaintiff's failure was caused by defendant's refusal to carry out his part of the contract.

Appeal from Fulton county court.

Action by Miles G. Bowdish against Charles E. Briggs to recover for work, labor, and services. Plaintiff was nonsuited, and appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Anibal & Murray, for appellant.
Clarence W. Smith, for respondent.

MERWIN, J. This action was commenced in justice's court. The complaint was oral, and was for work, labor, and services done and performed by the plaintiff for the defendant, and at his request. The answer was a general denial, and a counterclaim for house rent, money had and received, and damages for breach of contract. The defendant recovered before the justice, and the plaintiff appealed to the county court for a new trial. In that court a new trial was had before the court and a jury. At the close of plaintiff's evidence he was nonsuited. From the judgment entered upon the nonsuit, the plaintiff appeals.

It was shown upon the trial that, about the middle of February, 1889, there was a verbal arrangement, between plaintiff and defendant, by which the plaintiff agreed to work for the defendant as a farm hand for a year, commencing as soon as he could after March 1st following, and the defendant agreed to pay him therefor the sum of $200, with house rent and garden for a year free. There was evidence tending to show, and from which the jury might have found, that it was a part of the arrangement that the $200 should be paid to the plaintiff by the defendant in monthly payments. The plaintiff commenced work on the 7th of March, and continued to the 14th of October, 1889. Up to that time he had received the sum of $95.78, and more than a month's wages was unpaid. At that time, when the plaintiff asked the defendant for pay, the defendant claimed that he was overpaid; that he should charge him $4 a month for house rent, and take it out of his pay, and that he had a right to do so under the agreement.

This the plaintiff denied, and, as a result of this controversy, the plaintiff quit. In this action the plaintiff seeks to recover the balance unpaid for services up to the time he quit. The value of the services was proved.

The defendant claims that the contract was void under the statute of frauds. Billington v. Cahill, 51 Hun, 132, 4 N. Y. Supp. 660. That defense was not set up. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911. If that defense was available, there was evidence tending to show, and from which the jury might have found, that the defendant refused to carry out the contract, and so would be liable for the value of the services up to the time plaintiff quit, under the rule down in Galvin v. Prentice, 45 N. Y. 162. The defendant claims the contract was entire, and that, therefore, as the plaintiff left before the end of the year, he cannot recover. This would not be so if the plaintiff left by reason of the defendant refusing to carry out on his part the contract. If, according to the contract, there was a month's pay due and unpaid, then, according to the opinion of Judge Denio in Tipton v. Feitner, 20 N. Y. 429, a subsequent breach of the contract by the plaintiff would not prevent a recovery by the plaintiff of the amount then due, but the defendant would be left to his remedy by way of recoupment for his damages, if any, for the breach. It has been held that, where the contract provides for payment of wages weekly, monthly, or yearly, a failure to pay according to the contract furnishes a good excuse on the part of the servant for putting an end to the service. Wood, Mast. & Serv. § 85, and cases cited.

Besides, there was evidence tending to show that, at the time of the dispute as to the terms of the contract, the defendant assented to its dissolution and abandonment. In 2 Pars. Cont. (8th Ed.) p. 41, it is said that, "if the contract be dissolved by mutual consent, he [the servant] may recover wages pro rata, without any express contract to that effect; and so he may if he leave for justifiable cause." Whether there was anything due the plaintiff, and whether the plaintiff was in fault, were, we think, questions for the jury. The nonsuit was therefore erroneous, and the judgment must be reversed.

Judgment reversed, and new trial granted, costs to abide the event. All concur.