(25 App. Div. 290.)

### IRLBACKER et al. v. ROTH.

(Supreme Court, Appellate Division, Fourth Department.     February 6, 1898.)

1. REFEREE'S FINDINGS—REVIEW ON APPEAL.
    When a case is heard by a referee, and there is a sharp conflict in the evidence, his findings will not be disturbed on appeal.

2. PLEADINGS—STATUTE OF FRAUDS.
    When the statute of frauds is not pleaded, the question cannot be raised at the trial.

3. INTEREST—WHEN ALLOWED.
    When one has a right to a certain sum of money on demand, legal interest thereon should be allowed from the date when the payment thereof was demanded and refused.

Appeal from judgment on report of referee.

Action by John Irlbacker and another against Philip W. Roth. Judgment for plaintiffs.     Exceptions were filed to the referee's report.     No motion for nonsuit appears in the appeal book.     Defendant appeals.     Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Shire & Jellinek, for appellant.
Warren P. Miller, for respondents.

HARDIN, P. J.     In August, 1893, the defendant was president of the South Buffalo Natural Gas Company, having been instrumental in its organization, and was at the same time the owner of quite a large block of its stock, and, with a view of obtaining the plaintiffs' subscription of some of what was denominated "Treasury Stock," held an interview with them, and made certain representations and statements, which induced the plaintiffs to subscribe for 30 shares of the capital stock of such company.

In his findings of fact, the referee says:

"That in the month of August, 1893, the defendant applied to the plaintiffs to subscribe for and take thirty shares in the capital stock of the South Buffalo Natural Gas Company, and, as an inducement to the plaintiffs to subscribe for and take said shares of stock, the defendant did then and there promise and agree that he would at any time, upon request of the plaintiffs, take said stock off their hands, and pay them the face value for the same; that the plaintiffs, relying upon the said promise of the defendant, did subscribe for said stock, and did pay therefor the face value thereof, to wit, the sum of three thousand dollars."

The referee finds that the plaintiffs subsequently demanded of the defendant "that he should take back said stock, and pay them the face value thereof, and the defendant has wholly neglected to comply with said demand."

We find upon a careful perusal of the evidence offered by the plaintiffs in support of their allegations, and upon an examination of the evidence offered by the defendant tending to gainsay the same, that a sharp conflict was presented upon the principal questions of fact which the referee was required to pass upon. He saw the witnesses, heard their examinations and cross-examinations, and was furnished with opportunity to judge of them quite as correctly as we are able to judge of them, and of their truthfulness, by an inspection of the record of their evidence. We see no occasion to differ from the conclusion, upon the evidence, reached by the referee. His findings are supported by evidence, and we think we ought not to reverse the same, as being against the weight of evidence. Applying to the referee's findings, and the evidence based thereon, the rule which has been laid down in numerous cases, we think it our duty to accept the conclusion stated by the referee.

In Roosa v. Smith, 17 Hun, 139, it was said that the court cannot—

"In a doubtful case, upon conflicting evidence, like the one under review, assume the place of the referee, and determine from the mere reading of the evidence who has told the truth, or is best entitled to credit. This would be imposing upon us a duty unsafe to exercise, and dangerous in its ordinary use. It would make of a referee to try an issue simply a referee to report the testimony to this court, which in such cases would review nothing but the evidence, giving such a decision as in its judgment upon the evidence is just. We understand this court has the power to examine the evidence and the finding of facts in cases tried before a referee or the courts; that it has the power, and it is its duty, to interfere when facts have been found without evidence, or clearly against evidence; but we do not understand it can be called on in doubtful cases upon conflicting evidence, depending upon the character and credibility of witnesses, to review and readjust the facts upon the evidence as it shall appear to it on paper."

The rule laid down in the language which we have quoted has been followed in numerous cases, and we think should be applied to the case in hand. Penfield v. Sage, 71 Hun, 575, 24 N. Y. Supp. 994; Sackett v. Thomas, 4 App. Div. 447, 38 N. Y. Supp. 608; Slattery v. Haskin, 3 App. Div. 50, 37 N. Y. Supp. 1061; Barnard v. Gantz, 140 N. Y. 249–253, 35 N. E. 430; Teeter v. Teeter (Sup.) 20 N. Y. Supp. 259.

The defendant did not set up the statute of frauds, and therefore was not in a situation to raise that question at the trial. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911; Bowdish v. Briggs, 5 App. Div. 594, 39 N. Y. Supp. 371; Simis v. Wissel, 10 App. Div. 323, 41 N. Y. Supp. 1024.

The findings of fact made by the referee warranted his conclusion of law that the plaintiffs were entitled to recover $3,000 and interest from the 8th of November, 1895, that being the time when the defendant was requested to take the stock back from the plaintiffs, and reimburse them. Wooster v. Sage, 6 Hun, 285, opinion of Talcott, J., affirmed 67 N. Y. 67; Allen v. Eighmie, 14 Hun, 559, affirmed 79 N. Y. 632; Fitzpatrick v. Woodruff, 96 N. Y. 564; Eno v. Woodworth, 4 N. Y. 249.

Judgment affirmed, with costs.    All concur.