Metcalfe, J.
The plaintiff in error here was plaintiff below. Several amended petitions were filed in the case, and the question here is raised by the demurrer to .the sixth amended petition. The demurrer was sustained' in the common pleas court.
*319 The facts as alleged in the petition are, in substance, that in April, 1906, the plaintiff, Elmer W. Hartman, purchased from the defendants, J. W. Gorrel and W. I. Powell, ten shares of stock in The Eastern Ohio Coal & Coke Company for ' the price of $1,000, and that at the time of purchase an agreement was made between Gorrel and Powell and the plaintiff, by the terms of which the plaintiff had the right after the expiration of one year from the date of purchase to surrender his stock to the defendants and upon such surrender they were to pay him back the $1,000 paid therefor. Afterwards the stock of The Eastern Ohio Coal & Coke Co. was transferred to The J. W. Gorrel Coal Co. and stock in the latter company taken in its place. This was done in pursuance of an agreement between the stockholders of both companies.
This allegation is material only as bearing upon the averment in the petition that within “several months” after this change in stock was made the plaintiff decided to exercise his option and thereupon tendered to the defendant Gorrel the stock which he had received, and demanded the return to himself of the $1,000 which he had paid for it, and that afterwards, in December, 1913, he made a second demand for the return of the money he had paid and a second tender of the stock. Both were refused.- It is averred, also, that the defendant Powell could not be served with summons in this case.
The agreement set out in the petition was signed only by the defendants, Gorrel and Powell.
*320 It is urged that there is no consideration for the agreement on the part of the defendants to pay back to the plaintiff the amount paid for the stock, when the plaintiff tendered back to them the stock itself; that the sale of the stock was a completed contract, and that when the defendants agreed to pay back the amount paid them after the plaintiff had exercised his option to return the stock to them, such agreement was unilateral and imposed no reciprocal duty or obligation upon the plaintiff.
We do not think this position is tenable. When the plaintiff' purchased the stock, and as part of the agreement of purchase, the defendants agreed to give the plaintiff an option to return the stock, and in the event that he did so to pay him back the amount paid therefor, the agreement was clearly mutual, and the transfer of the stock and payment of the money furnished a sufficient consideration. In The Davis Laundry & Cleaning Co. v. Whitmore, 92 Ohio St., 44, where the action was based upon a contract for the sale of 126 shares of stock at a certain price and 124 shares at another price, it is said:
“That, upon acceptance, the obligations became mutual, and the promise of one furnished a consideration for the promise of the other.”
We think that is the case here.
Was the option exercised within a reasonable time? It is urged that the demand made within “several months” after the expiration of the year from the date of the purchase, and the subsequent demand in December, 1913, were not made within a reasonable time and hence the defendants were justified in refusing to comply with the demand.
*321 The exchange of the stock of The Eastern Ohio Coal & Coke Co. for the stock of The J. W.- Gorrel Co. took place in July, 1908, so that it appears that no demand was made until the lapse of a year and a quarter, to which should be added “several months/'' which is exceedingly indefinite, but we find nothing in the petition, that is to say no allegation of fact, to show that this was an unreasonable time. The rule seems to be well settled that where no time is fixed by the terms of a contract, within which a demand to do a particular -act must be made, time is not of the essence of the contract, and the- demand must be made within a reasonable time. Laundry Co. v. Whitmore, supra; Catlin v. Green, 120 N. Y., 441, and Bassenhorst v. Wilby, 45 Ohio St., 333.
The latter action was upon an indorsement, and the question was whether or not the note had been presented to the indorser within a reasonable time. The third proposition of the syllabus reads:
“What is a reasonable Lime is generally a mixed question of law and fact. Where the facts are in dispute, it should be submitted to the jury for its determination under proper instructions from the court; but where the material facts are admitted, or not in dispute, it is a'-question for the court, and can not properly be submitted to the jury.”
On the issue made by the petition in this case, whether or not the demand and tender were made within a reasonable time, the court is not able to say as a matter of law upon the facts stated that the time was unreasonable, and we think the question should be submitted to a jury,
*322 If no change had taken place in the financial affair's of the company, and neither of the parties could be harmed by the delay, that is one thing. If, however, thé plaintiff was simply lying back an unreasonable time waiting to determine the outcome of his investment, and when he saw that the affairs of the company were changing, or had changed for the worse, then attempted to get out from under, that is quite another thing.

Judgment' sustaining the demurrer reversed.

Pollock and Farr, JJ., concur.