(February 11, 1938.)

B. PALMER LEWIS and WILLIAM NORRIS, as Committee of Person and Property of MABEL BLANCHE NORRIS, Incompetent, Respondents, Appellants, v. CITY BANK FARMERS TRUST COMPANY, Appellant, Respondent.

Cross-appeals from an order of the Supreme Court, entered in the New York county clerk's office on January 11, 1937.

The defendant appeals from the order granting plaintiff's motion to strike out the separate defenses contained in the amended answer, except so much of said order as denies plaintiffs' motion to strike out the second separate defense, and so much thereof as permits defendant to serve an amended answer and plead again the matter sought to be urged in the first defense either as a distinct defense or as a part of the present second defense. The plaintiffs appeal from so much of said order as denies their motion to strike out the second separate defense and as permits the defendant to serve an amended answer and plead again the matter sought to be urged in the first defense either as a distinct defense or as a part of the present second defense.

The action was brought to recover damages for the differences or deficit in value between the price obtained for certain shares of stock sold by the former committee of the property of the incompetent and the par value thereof, which might have been obtained for the incompetent pursuant to a repurchase agreement, which had been deposited by the incompetent with the defendant as custodian and not disclosed, after demand, to the former committee by the defendant while it was such custodian or bailee. The defendant alleged thirteen separate defenses as new matter, which the plaintiffs moved to strike out for insufficiency under rule 109 of the Rules of Civil Practice.

PER CURIAM. Mere ignorance of the nature of the property received does not excuse failure to return upon demand. If the defendant in the second affirmative defense relies upon the exercise of reasonable care and absence of negligence, it should expressly so plead. The second defense is, therefore, insufficient and should have been stricken out.

The third, fourth, fifth and sixth alleged complete defenses are at best partial defenses. They were, therefore, properly stricken out, but leave to plead them as partial defenses should have been granted. The seventh defense was properly stricken out (*Fitzpatrick* v. *Woodruff*, 96 N. Y. 561); but the eighth and ninth should have been sustained until there has been a full adducement of the facts. Except as indicated, the order appealed from should be sustained.

It follows, therefore, that the order appealed from should be reversed and the motion granted to the extent of striking out defenses first, second, third, fourth, fifth, sixth, seventh, tenth, eleventh, twelfth and thirteenth, but with leave to the defendant to plead anew with respect to the second, as well as the first defense, and to replead the third, fourth, fifth and sixth defenses as partial defenses, if it be so advised. As modified, the order appealed from should be affirmed, without costs.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.

Order unanimously reversed and the motion granted to the extent of striking out defenses first, second, third, fourth, fifth, sixth, seventh, tenth, eleventh, twelfth and thirteenth, with leave to the defendant to plead anew with respect to the second, as well as the first defense, and to replead the third, fourth, fifth and sixth defenses as partial defenses, if it be so advised, and as so modified affirmed, without costs.