DECISION AND JOURNAL ENTRY
The Medina Court of Common Pleas determined that Jerry and Deborah Gibson had breached the contract they entered into for the sale of their home to Dominic and Lissa Carrino. The court awarded $39,400 to the Carrinos, and dismissed the Gibson's counterclaim. The Gibsons have appealed from the judgment against them.
The Gibsons have asserted that the magistrate who heard the matter erred by (1) excluding evidence regarding the credit worthiness of the Carrinos and (2) limiting the inquiry regarding a clause that had been crossed out in the written contract. We overrule both assignments of error and affirm the judgment of the trial court.
 I
The Carrinos entered into a written agreement to purchase the Gibsons' home, with owner financing. The Gibsons subsequently signed a second purchase agreement to sell the same property to another individual for a higher price, by land contract. The Gibsons then informed the Carrinos that they were unwilling to finance the sale to them because of credit concerns. The Gibsons requested that the Carrinos submit a new proposal for purchasing the property without owner financing.
The Carrinos sued for specific performance, but added a claim for damages after learning that the property had been sold to a third party. The Gibsons counterclaimed for compensation for unspecified injuries, and for punitive damages.
The matter was referred to a magistrate for trial. Following the trial, the magistrate issued her decision. The Gibsons moved for an extension of time in which to file objections, which was granted by the trial court. In addition to their motion, they filed a document which stated, in its entirety, "Plaintiffs object to the Decision Findings of Facts/Conclusion of Law of the magistrate filed on March 10, 1999." The magistrate subsequently amended her decision to correct a clerical error, and renewed the period for objections. The Gibsons "renew[ed] their previously filed Objection relative to the Amended Magistrate's Decision." In the same document, they moved for additional time to file their brief in support of their objections. An extension was granted to April 18, 1999. The Gibsons did not file more specific objections or a brief in support of their earlier blanket objection, nor did they file a transcript of the proceedings with the trial court.[1] On May 19, 1999, the court entered judgment on the matter, adopting the decision of the magistrate.
 II
On appeal, the Gibsons have asserted that magistrate improperly excluded evidence in one instance, and improperly limited inquiry in another. The Rules of Civil Procedure permit the parties to bring errors of law or fact made by the magistrate to the attention of the trial court so that they may be corrected before the trial court enters judgment. Civ.R. 53(E)(3) and (4). See, also, Pinkerson v. Pinkerson (1982), 7 Ohio App. 319, 319, discussing the analogous prior version of Civ.R. 53. Those same rules also dictate that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under these rules." Civ.R. 53(E)(3)(b). The objections "shall be specific and state with particularity the grounds of objection."Id.
A blanket objection to everything contained in the magistrate's decision, unsupported by a transcript of the proceedings, is insufficient to preserve a specific objection to evidentiary rulings made by the magistrate. See Rogers v. Rogers (Dec. 17, 1997), Summit App. No. 18280, unreported, at 9. By failing to make specific objections to the trial court, the Gibsons waived their right to assert these errors on appeal. Group One Realty,Inc. v. Dixie International Co. (1998), 125 Ohio App.3d 767,768-769. Both assignments of error are overruled.
 III
Because the Gibsons did not file specific objections to the magistrate's decision, as is required to preserve an error for appeal, both assignments of error are overruled. The judgment of the trial court is affirmed.
 __________________ WILLIAM R. BAIRD
SLABY, J., CARR, J., CONCUR.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
[1] The transcript of the magistrate's hearing was filed in the trial court on October 21, 1999, for the sole purpose of transmittal to this court as part of the appeal. Because the transcript was not available to the trial court when it acted on the magistrate's decision, this court cannot consider it on appeal. State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730.