LYMAN H. DICKINSON vs. NOBLE DICKINSON AND ANOTHER.

A bill in equity will not be sustained, for a division among the partners, after the dissolution of a partnership, of the property belonging to the firm. The only mode of disposing of the property, in the absence of an agreement of the parties, is by a sale.

A partner upon the formation of the partnership sold and delivered a quantity of goods to the firm, soon after which the partnership was dissolved, and it was agreed that his claim for the goods should be cancelled by his taking them back, but there was no written memorandum on the subject and no act of acceptance. Upon a bill in equity brought by the partner who had sold the goods, alleging the sale and the dissolution, and praying for a decree that the other partners should pay their share of the price of the goods, it was held that the arrangement by which the goods were to be taken back was not to be considered as properly a re-sale of them, or as an independent transaction, but as a mutual rescission of the original contract of sale, and that therefore the transaction was valid without a written memorandum or act of acceptance, especially against the petitioner, who had alleged the dissolution, which was not in writing, and of which the agreement for the taking back of the goods was a part.

BILL IN EQUITY, alleging that the petitioner and the defendants had been partners and that the partnership was dissolved, and praying for a division of the property of the partnership among the partners, and for a decree requiring the defendants to pay the petitioner two-thirds of the value of certain personal property alleged to have been sold by the petitioner to the firm at the time of the formation of the partnership. The respondents denied the sale alleged and claimed that if it was made the property was afterwards re-sold to the petitioner or the contract of sale rescinded. The facts were found with much detail by a committee, but the points of law decided will be sufficiently understood without a further statement of the facts. The case was reserved by the superior court for the advice of this court.

*Dutton* and *Culver*, for the petitioner.

*C. Chapman* and *Tyler*, with whom was *Barnes*, for the respondents.

HINMAN, J. Upon the face of this bill its main object appears to be to procure a division of certain property which the plaintiff claims belonged to the partnership between him and the defendants, and to be now owned by him and his late partners jointly. Connected with this claim, however, the plaintiff asks that the defendants be decreed to pay him two-thirds of the original value of this property, on the ground that, as he sold it to the firm at a price which has never been paid him, and which on the dissolution at which most of its concerns were settled was left unarranged, he has an equitable claim to be paid the defendants' proportion of this debt. In the first place, the defendants insist that the firm never purchased this property ; and secondly, if it did, that it was re-sold to the plaintiff on the dissolution, or, what amounts to the same thing, that the original sale was rescinded, so as to revest the plaintiff with the title.

We think the plaintiff has no equitable claim to a decree in his favor. So far as the bill asks for the division of the prop-

erty, we had supposed this object could only be effected by a sale of the property, and a conversion of it into cash, and then dividing the cash, because as between partners there is no other mode, where they do not agree, of ascertaining the value of the partnership property, or of disposing of it. This is stated to be the rule in the books on partnership, and was so decided by this court in *Sigourney* v. *Munn*, 7 Conn., 11. "In every case," says Judge Hosmer, "in which a court of equity interferes to wind up the concerns of a partnership, it directs the value of the stock to be ascertained in the way in which it can best be done, that is, by a conversion of it into money. Every party may insist that the joint stock shall be sold," &c. This same principle was again affirmed in the same case, 7 Conn., 324; since which we had supposed the principle to be settled with us. We do not see, therefore, how this prayer of the bill can, upon any recognized principle of equity, be granted.

But the plaintiff has no equitable claim to be paid for the goods which he claims to have sold to the partnership. The finding leaves it a little in doubt whether there was ever any sale of it to the firm. If, however, we assume that there was such a sale, we think the rescission of it, at the time of the dissolution, as well established as the sale itself. The parties then differed as to the terms of the sale. The plaintiff said he would not sell them on the terms which the defendants claimed, but would take them home, and the defendants assented to this, and the plaintiff then obtained the defendants' assent that they should remain where they were a few days, when he would take them away. It is said there was no re-sale of the goods because there was no meeting of the minds as to the price, and that no memorandum in writing was made. This we think is putting the case on altogether too technical ground. There was nothing written between these parties in respect to the formation of their partnership, or its dissolution, or in respect to the sale of these goods or the rescission of the sale, or of any of their transactions between themselves; and this rescission is not to be viewed in the light of an independent sale or re-sale of goods. The parties very

Dickinson *v.* Dickinson.

soon after the organization of the firm agreed to dissolve it, and they immediately carried their agreement into effect so far as they could ; and, as a part of this dissolution, the plaintiff's claim against the firm for the price of these goods was to be cancelled, whatever it was, by his receiving them back. It most obviously would be very inequitable that a part of this agreement, in respect to the dissolution, should stand, and that another part should be held to be inoperative. The plaintiff by bringing this bill affirms the dissolution in respect to every thing except this particular property, which he attempts now to treat as still belonging to the firm. He does not bring his bill for the settlement of a copartnership account in the ordinary way, but chooses to consider every thing settled but the payment of his debt and the disposition of the property which he agreed to retake in satisfaction of it. We think he ought not in equity to be permitted to do this.

We accordingly advise the superior court to dismiss the bill.

In this opinion the other judges concurred.

Advice that bill be dismissed.