CHARLES FAY v. CHARLES H. WHEELER.

Contract. Statute of Frauds.

The plaintiff purchased certain shares of stock at a given price of the defendant, the latter agreeing to take it back, and repay the plaintiff for the same on request. Held that the plaintiff having tendered back the stock, and demanded repayment, the contract for the repayment was not within the operation of the Statute of Frauds, though not in writing.

ASSUMPSIT in two special counts, and the common counts. The defendant pleaded two special pleas to the two special counts in the plaintiff's declaration, to which the plaintiff demurred generally.

The court at the September term, 1871, ROYCE, J., presiding, pro forma overruled the demurrer and sustained the pleas, to which the plaintiff excepted. Judgment for the defendant — exceptions by plaintiff.

The point raised by the pleadings is accurately and fully stated in the opinion of the court.

Davis & Adams, for the plaintiff

Edson & Rand, for the defendant.

The judgment of the court below, overruling the demurrer and sustaining the plea, should be affirmed. Brown on Frauds, §§ 296, 297, 298; Tisdale v. Harris, 20 Pick., 9; Baldwin v. Williams, 3 Met., 365; Parsons on Contracts, vol. 3, pp. 49, 50, 51; North v. Forrest, 15 Conn., 400; Gen. Stats., p. 453, § 2; 30 Vt., 428; 20 Pick., 9.

The defence under the statute of frauds may be shown under the general issue or pleaded specially. *Hotchkiss* v. *Ladd*, 36 Vt., 593.

The opinion of the court was delivered by

Ross, J. The only question made by the pleadings is, whether the statute of frauds is applicable to the defendant's promise and agreement set forth in the plaintiff's declaration. In both counts the plaintiff substantially alleges, that, to induce him to buy of the defendant two hundred shares of the stock of the Missisquoi Oil Company, at two dollars and fifty cents per share, the defendant undertook and promised that he would guarantee the stock, take back and repay the plaintiff for the same, on request; that he bought the two hundred shares of stock, relying upon the defendant's promise and undertaking, and paid therefor $500; and that he, subsequently, tendered the defendant the two hundred shares of stock, and demanded the repayment of the $500. The defendant pleads that the contract set forth is not in writing signed by him, and that it has not been, in part, performed, and is within the operation of the statute of frauds. He claims that the contract counted upon is an independent contract for the resale of the stock from the plaintiff to himself. If this is the nature of the contract in suit, it is within the operation of the statute, and the plaintiff cannot maintain his action. We think the defendant's undertaking and promise is not an independent, original contract, but rather a part of the contract by which the plaintiff purchased the stock, and by which the plaintiff's purchase became a qualified and not an absolute purchase. The $500 which the plaintiff paid the defendant, and which he seeks to recover in this action, was paid, as well for the defendant's promise to take back the stock and refund the money, as for the stock. Without this promise the plaintiff would not have made the original purchase. The promise and undertaking sought to be enforced, was a part of the plaintiff's purchase by the original contract, and so material a part that the purchase would not have been made without it. The original contract was taken from the operation of the statute by a part performance by both parties, by the delivery of

the stock by the defendant, and by the payment of the money by the plaintiff. That such contracts, or parts of original contracts, as the plaintiff seeks to enforce in this action, are not within the operation of the statute of frauds, has been held in England, in *Williams* v. *Burgess*, 10 Adol. & Ell., 499, and in this country, in *Dickinson* v. *Dickinson*, 29 Conn., 600. These decisions are recognized as authorities in Brown on Frauds, pp. 300–301.

Judgment of the county court, holding the defendant's pleas sufficient, on demurrer, is reversed, and judgment rendered for the plaintiff.