AARON A. MELNIKER, RESPONDENT, v. DANIEL T. WINTER, JR., APPELLANT.

Submitted October 13, 1928—Decided March 20, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Mark Townsend, Jr.*

For the respondent, *Frank W. Heilenday* and *Aaron A. Melniker.*

The opinion of the court was delivered by

TRENCHARD, J.  This was an action to recover damages for the breach of an oral agreement by the defendant to repurchase one hundred shares of stock bought by the plaintiff of the defendant, and which contract the defendant refused to perform on demand.

The trial judge, sitting without a jury, rendered judgment for the plaintiff, and the defendant appeals.

The only question argued on this appeal is whether or not the defendant's oral agreement to repurchase the shares of stock, upon which the plaintiff's judgment is predicated, is enforceable.

The trial judge held that it was enforceable and we think rightly.

At the trial and here the sole contention of the defendant was and is that the contract, not being in writing, was unenforceable under paragraph (1) of section 4 of the "Sale of Goods" act (*Comp. Stat. p.* 4648) which provides as follows:

"(1) A contract to sell or a sale of any goods or choses in action of the value of $500 or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

The trial judge held, and we agree, that such contention is ill-founded.

The facts are not in dispute.  The uncontradicted testimony was that the defendant said to the plaintiff:

"I will give you one hundred shares at $5 a share and I want you to take it. Any time you want your money back, I will give you your $500."

This privilege given the buyer to return the stock and receive back the purchase price is not an independent contract of sale, but rather a part of the original contract of purchase by the buyer, by which the buyer's purchase becomes qualified and not absolute, or in the nature of a right to rescind, and therefore is not rendered unenforceable by the statute. See 25 R. C. L. 610. Among the cases there cited is the leading case of *Johnston* v. *Trask,* 116 *N. Y.* 136, in which it was held that an oral agreement by the defendants that they would purchase for the plaintiff in the market at the market rates bonds for the usual compensation, and in case he should thereafter become dissatisfied with the bonds that they would, on demand, take them off his hands at what they cost him, was a single contract and not void under the statute of frauds. The court said: "The promise that they would take the bonds off the plaintiff's hands at what they cost him, upon request, is not a contract for the sale of goods, chattels, or things in action, within the third section of the statute of frauds, but is a provision for the rescission of the entire contract, and is valid." The defendant in his brief attempts to distinguish the case at bar from the Johnson case on the theory that "the agreement for sale of stock to the plaintiff was entered into by the defendant as a representative of the corporation, while the oral agreement to buy back the stock was his individual promise." This theory was not suggested at the trial, either upon the motions to nonsuit and to direct a verdict, nor at any other time, and in our judgment finds no support in the evidence.

The evidence does not justify the assumption of the defendant that the stock purchased by the plaintiff belonged to the company or that the defendant acted for the company in the sale. It was apparently an individual transaction throughout, and was so treated by the parties, and presumptively so found by the trial court.

The judgment will be affirmed, with costs.