ANNA M. FITZPATRICK, Plaintiff, *v.* ASSOCIATED GAS AND ELECTRIC COMPANY, Defendant.

CHARLES WELLS, Plaintiff, *v.* ASSOCIATED GAS AND ELECTRIC COMPANY, Defendant.

CHARLES F. WHITLOCK and Another, Plaintiffs, *v.* ASSOCIATED GAS AND ELECTRIC COMPANY, Defendant.

Supreme Court, Chemung County, January 26, 1933.

*Gaylord Riggs*, for the plaintiffs.

*Mandeville, Waxman, Buck, Teeter & Harpending* [*D. E. Fox* of counsel], for the defendant.

PERSONIUS, J. Both the complaints and the amended complaints in these actions alleged that the defendant sold certain of its convertible debentures to the plaintiffs, and further: " 5. That at the time the said defendant sold said debentures to the plaintiff the defendant promised and agreed as part of the consideration for the purchase of said debentures on the part of the plaintiff that the defendant would at any time the plaintiff desired repurchase of plaintiff the said debentures or any part thereof at a price of $100.00 per $100.00 debenture less $2.00 per hundred for service fee together with accrued interest on said debentures."

The defendant moves in each action under rule 107, subdivision 8 of the Rules of Civil Practice, to dismiss the amended complaints. The moving papers show that each plaintiff gave a written purchase order and that each order was accepted by the defendant in writing. Neither writing contains any reference to the alleged promise of the defendant to repurchase or take back the debentures. The plaintiffs do not show or claim that there was any writing embodying such promise.

The defendant argues that the alleged agreement to repurchase, being oral, is void under the Statute of Frauds (Pers. Prop. Law, § 85, subd. 1).

The plaintiffs say that the agreement on the part of the defendant to sell the debentures to the respective plaintiffs and the agreement on the part of the defendant to take back or repurchase the debentures from the respective plaintiffs is an entire contract, one contract, and that, therefore, the alleged promise by the defendant to take back the debentures and repay the purchase price is not void under the Statute of Frauds.

We think the plaintiffs' position is sustained by the authorities. (*Johnston* v. *Trask*, 116 N. Y. 136; *Fitzpatrick* v. *Woodruff*, 96 id. 561; *Wooster* v. *Sage*, 67 id. 67.) The contract in its entirety is for the sale of debentures and comes within the Sales Act. But " The Statute of Frauds as to that agreement of sale (including the agreement to buy back the shares at any time the plaintiff desired) was satisfied by the delivery of the shares under this original agreement." (*Armstrong* v. *Orler*, 220 Mass. 112, 115.) " This is a sale by the plaintiff to the defendant on particular terms, one of which is a return of the article sold in a certain event; *the acceptance of the thing sold takes the whole contract out of the statute.*" (*Williams* v. *Burgess*, 10 A. & E. 499; 113 Eng. Rep.[ Full Reprint] 190.) To

the same effect are *Fay* v. *Wheeler* (44 Vt. 292); *Vohland* v. *Gelhaar* (136 Wis. 75; 14 A. L. R. 402 [III]).

The defendant cites *Hagar* v. *King* (38 Barb. 200). In that case copartners sold bonds to the plaintiff. *One* of the partners individually agreed to repurchase the bonds on plaintiff's request. The court held that the latter agreement was within the statute and void. This case is followed in *Chamberlain* v. *Jones* (32 App. Div. 237) and *Morse* v. *Douglass* (112 id. 798). In those cases the agreement to repurchase was *not* between the original vendor and vendee but between the original vendee and a third party. Those cases, and also *Johnston* v. *Trask* (*supra*), point out this distinction.

The defendant urges that the agreement to sell and the promise to take back or repurchase are not, in the present case, one contract because it is alleged that the debentures were to be repurchased or taken back at a price different from the purchase price, but this was true in *Vohland* v. *Gelhaar* (*supra*) and *Williams* v. *Burgess* (*supra*).

The defendant also attempts to distinguish the cases relied on by the plaintiffs by saying that the repurchase agreements there relied on were agreements for " rescission." In *Johnston* v. *Trask* (*supra*) the court did so characterize the agreement. While in both the original and amended complaints in the present actions, the plaintiffs allege a promise to " repurchase," we see no controlling distinction between an agreement to repurchase and one to take back. In *Vohland* v. *Gelhaar* (*supra*) the court said: " The promise to take back the stock by the plaintiff is referred to in the complaint as an agreement to repurchase * * * the terms were obviously so used as synonymous." In any event, similar promises were held sufficient to sustain an action at law to recover the amount paid for the securities in *Johnston* v. *Trask* (*supra*); *Fitzpatrick* v. *Woodruff* (*supra*), and *Wooster* v. *Sage* (*supra*).

We hold that each of the agreements for the purchase of debentures by a plaintiff of the defendant and the latter's alleged agreement to repurchase or take back the debentures, together constitute an entire contract; that such contract was for the sale of securities and within the Sales Act; that the whole contract was taken out of the operation of the Statute of Frauds by part performance, *i. e.*, by the delivery and acceptance of the debentures and the payment therefor, and that the defendant's motions should, therefore, be dismissed, with five dollars costs on each motion.