and that the Forty-first street area in the market was the most active part of the market and the most crowded with cars of various shippers of trees, and, therefore, a delivery at that point was in keeping with the bill of lading as enlarged or modified by custom. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

SALLY KERMAN, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Defendant, and YETTA KERMAN, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

NEW YORK INVESTORS, INC., Respondent, Appellant, v. TINUS BUILDING CORPORATION, Appellant, Respondent; GEORGE B. HALL, as Trustee, and THE PRUDENCE COMPANY, INC., Respondents, Appellants, and Others, Defendants. —Motion for reargument granted, and upon reargument the order of this court dated April 7, 1933, is modified by eliminating therefrom, in next to the last paragraph, the following: " and of Two Hundred ($200) Dollars to the defendant George B. Hall, as Trustee," and in the last paragraph the number " 6," and by changing the word " allowances " to the word " allowance " wherever it occurs in said order. Present — Kapper, Carswell, Scudder and Tompkins, JJ.; Lazansky, P. J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY REID, Respondent, v. ANNA CAVANAGH and Others, Appellants.— Motion to resettle orders denied. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

GENE AUSTIN, Appellant, v. GREENPORT BASIN AND CONSTRUCTION COMPANY and FRANK V. BORICK, Respondents.— Judgments reversed on the law and a new trial granted, costs to abide the event. While we are of the opinion that the complaint was properly dismissed, so far as based upon alleged fraudulent representations as to the yacht being constructed by defendant Greenport Basin and Con·struction Company, we think the plaintiff made out a *prima facie* case on the question of improper construction and unfitness for the purposes for which it was to be used. The evidence connecting the Greenport Basin and Construction Company with the contract sued upon is very slight, but, inasmuch as the complaint was dismissed at the close of plaintiff's case, the judgments are reversed as to both defendants. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

THERESA CASPARY, by JOHN CASPARY, Her Guardian ad Litem, Respondent, v. JOSEPH BARDONG and Others, Appellants.— Amended order denying defendants' motion for a new trial on the ground of newly-discovered evidence unanimously affirmed, with costs. The motion papers fail to show that any effort was made, prior to the trial, to ascertain where plaintiff was employed. The so-called newly-discovered evidence was available long before the trial and could have been obtained by the exercise of reasonable diligence. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

MICHAEL CENTONZA and MARIE CENTONZA, Appellants, v. JOHN J. CURRAN, Respondent.— Judgment unanimously affirmed, with costs. (*Morse* v. *Douglass*, 112 App. Div. 798.) *Johnston* v. *Trask* (116 N. Y. 136) is not to the contrary. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

THOMAS B. COLUMBIA, Respondent, v. GEORGE C. LEE and Others, as Copartners Doing Business as LEE, HIGGINSON & Co., Appellants.— Order denying defendants' motion to require the plaintiff to sign and subscribe his testimony reversed on the