FRANK L. FINLAW, Plaintiff, *v.* MAURICE WERTHEIM and Others, Defendants.*

Supreme Court, Special Term, New York County, February 28, 1936.

*Delson, Levine & Gorden*, for the plaintiff.

*Rosenberg, Goldmark & Colin*, for the defendant Gimbul.

*Rigelman, Hess & Hirsch*, for other defendants.

COLLINS, J. This motion by the plaintiff to strike out the defense of the Statute of Frauds presents the novel and close question concerning the applicability of the Statute of Frauds to the transaction

* Affd., 248 App. Div. 572; 272 N. Y. 550.

which constitutes the basis of the action. The question is novel because of the paucity of cases governing it, and it is rendered close by reason of two seemingly clashing decisions — one urged by the plaintiff as conclusive and the other advanced by the defendants as equally controlling.

The substance of the complaint is that the defendants formed a syndicate to float stock of Laird & Company, and that they and the plaintiff agreed that " in consideration of the plaintiff purchasing from the defendants shares of stock of Laird & Company at $3.00 per share, the defendants would make a public issue of the stock of Laird & Company at a minimum offering price of $5.00 per share, not later than the spring of 1934; and that the defendants would make a firm bid of $5.00 per share to the plaintiff on the public issue of said stock, which bid the plaintiff might accept in the event he could not sell his stock in the open market."

It is then alleged that " on or about the 17th day of October, 1933, plaintiff, pursuant to said agreement, purchased from the defendants 10,000 shares of the stock of Laird & Company, and paid therefor the sum of $30,000,00.

" That in violation of said agreement, the defendants failed to make a public issue of the stock of Laird & Company, and refused to repurchase from plaintiff the 10,000 shares of stock aforementioned at $5.00 per share, pursuant to plaintiff's demand.

" That the plaintiff has duly performed all the terms and conditions of the said contract on his part to be performed."

Concededly, the contract was oral. Admittedly, too, the Statute of Frauds covers a sale of corporate stock.

To this cause the defendants plead the Statute of Frauds, which the plaintiff challenges as legally insufficient on the authority chiefly of *Johnston* v. *Trask* (116 N. Y. 136).

In that case defendants, bankers, purchased bonds for plaintiff under an oral contract whereunder they agreed to repurchase the bonds should plaintiff thereafter become dissatisfied with the purchase. The purchase price was paid and the bonds were delivered to the plaintiff who thereafter tendered them back and demanded the price. Defendants' refusal to accept and pay resulted in the action. It was held: " An oral contract, by which a person sells his own chattels or choses in action for more than $50, payment and delivery being made, and agrees to take them back from and repay the purchase-price to the purchaser on demand, is an entire contract, and the promise to take back the property and repay the purchase-price is not void by the third section of the Statute of Frauds. (*Wooster* v. *Sage*, 67 N. Y. 67; *Fitzpatrick* v. *Woodruff*, 96 id. 561;

*White* v. *Knapp,* 47 Barb. 549; *Williams* v. *Burgess,* 10 A. & E. 499; *Fay* v. *Wheeler,* 44 Vt. 292; *Dickinson* v. *Dickinson,* 29 Conn. 600; 1 Benj. on Sales [Corbin's ed.], 169.) "

The *Johnston* case would seem to be clearly decisive were it not for the later disconcerting decision by the First Department — *DeWaal* v. *Jamison* (176 App. Div. 756), which was affirmed without opinion (226 N. Y. 644).

In the *DeWaal* case defendants sold to plaintiff a certain number of bags of sugar upon the oral promise of the defendants to sell to plaintiff a like amount of sugar at the same price within ten days thereafter as might be demanded by the plaintiff. It was held, DOWLING, J. dissenting, that the defendants' promise to resell was not enforcible by reason of the Statute of Frauds. Commenting on the *Johnston* case, and distinguishing it, the court said: " In *Johnston* v. *Trask* (116 N. Y. 136) the defendants, who were bankers and brokers, purchased certain bonds for plaintiff under an oral contract by which they agreed that if the plaintiff should thereafter become dissatisfied, they would on demand take the bonds off his hands at what they cost him. Upon payment of the purchase price and their commissions defendants delivered the bonds to plaintiff, who thereafter tendered them back and demanded the price paid, and on defendants' refusal to accept and pay for the same, brought action for breach of contract. It was there held that said provision in the agreement was not a contract for the sale of goods, chattels or things in action within the Statute of Frauds, but was a provision for the rescission of the entire contract, and so was valid. The appellant in this case makes no claim that this is a contract for rescission, because the contract is not to redeliver to the plaintiff the identical property that was sold by the plaintiff to the defendants."

The instant complaint, however, by alleging that the plaintiff purchased from the defendants 10,000 shares of the Laird stock and that the defendants " refused to repurchase from plaintiff the 10,000 shares of stock aforementioned," does claim that the " identical property " was tendered to defendants and its repurchase refused.

I do not perceive that the element present here that the stock was sold to the plaintiff for three dollars a share and that the defendants agreed to repurchase at five dollars a share, alters or affects the principle. The contract to sell and to repurchase was one, and there was a part performance.

In the *DeWaal* case, the court, in discussing *Williams* v. *Burgess* (10 A. & E. 499), said (at p. 759): " The agreement to resell for twelve pounds was there held not to be within the Statute of Frauds,

and it is claimed that this could not have been on the theory of rescission because the price was not the same. But in that case it was a resale of the identical property originally sold. LITTLE-DALE, J., in deciding that case, said: 'Plaintiff is willing to part with his property on certain conditions, which are part of the agreement. It is not an independent contract of sale on which he sues, but the original contract, *which was a qualified sale.*' In *Lumsden* v. *Davies* (11 Ont. App. 585) the plaintiff bought tea of the defendant on defendant's agreement to buy back the unsold portion on a certain date at an advance of ten cents per pound. The Statute of Frauds was pleaded, and BURTON, J. A., in writing for the court, says: 'Further reflection has, however, led me to the conclusion that the defendant's promise is not an independent original contract, but rather a part of the same contract by which the plaintiffs agreed to become the purchasers of the tea, and by which the plaintiffs' purchase became a *qualified and not an absolute purchase.*'"

Williston, in his significant work on Sales (2d ed. § 73, p. 131), states the rule thus: "Satisfaction of the statute by acceptance and actual receipt of part of the goods or by part payment makes the entire bargain of the parties enforceable, even though the bargain contains as a part of it another agreement to sell besides that which has been partly performed. Thus if the seller of goods agree as part of the original bargain to take them back if desired, this agreement to repurchase becomes enforceable by the acceptance and receipt of the goods, or by payment for them by the buyer."

The test, it seems to me, is the partial performance of a single and dependent agreement.

While a litigant has the indubitable right to assert the Statute of Frauds as a defense, the statute ought not to be stretched beyond its spirit and design.

Though the resolution of the question posed by this motion is not entirely free from doubt, I am impelled to hold the separate defense of the defendants legally insufficient and, accordingly, grant the plaintiff's motion to strike it out.