ABRAHAM COOPER, Plaintiff, *v.* HARRY BROOK et al., Defendants.

City Court of the City of New York, Trial Term, New York County, February 3, 1950.

*Alfred Feingold* for plaintiff.

*Harold W. Grubart* for defendants.

COLEMAN, J.  This is an action by a former stockholder of a corporation against the remaining stockholders, the corporation itself, and an individual not an officer or a stockholder of a corporation, but who is said to have had an interest in the corporation nevertheless.

The action is upon an alleged oral agreement the plaintiff said he had with the individual stockholders and the additional individual defendant which called upon them to purchase from the plaintiff the shares of stock, original issue, that represented his investment in a corporation; the agreement being made it is said, at the time of investment.  The complaint does not allege that the corporation agreed to return the plaintiff's investment at any time, but the case proceeded against the corporation on the theory that the individuals constituted all the stockholders and could bind it.  There was a verdict against all defendants.  But as I reserved decision on the defendants' motion to dismiss the complaint at the end of the plaintiff's case and again at the end of the entire case, the question of the plaintiff's right to go to the jury is still before me.

The defense, so far as the individual defendants are concerned was based largely upon the Statute of Frauds and upon that ground those defendants must prevail.  So far as they are concerned the case is that of a plaintiff suing on an oral contract for the sale of personal property where the amount involved exceeds $50.  In the absence of a writing binding the defendants plaintiff cannot recover.  (Personal Property Law, § 85; cf. *Leach* v. *Weil*, 129 App. Div. 688 — where the unenforcibility of an oral agreement was conceded.)  This is not a case of the defendants selling their own property and agreeing to repurchase, a species of " sale and return " wherein the two transactions are really as one with a dual aspect, the purchase being regarded as sufficient to place the entire transaction without the scope of the statute.  (Cf. *Finlaw* v. *Wertheim*, 161 Misc. 339, affd. 248 App. Div. 572, affd. 272 N. Y. 550, and *Johnston* v. *Trask*, 116 N. Y. 136.)  The individuals interested in the affairs of the corporation are being asked to purchase the stock of another individual who has lost his enthusiasm in the venture.  Their promise to purchase may have been the occasion for the original investment — the inducing cause, but the promise cannot be enforced.

As to the corporation the complaint too must be dismissed, though for different reasons. I have already stated that the complaint does not allege that there was any agreement on the part of the corporation either by formal action of its directors or by informal unanimous agreement of all stockholders to redeem the plaintiff's investment and on that ground alone the complaint should be dismissed. But assuming the individuals could presume to speak for the corporation and that the testimony proceeding from a proper complaint was sufficient to take that question to the jury, the plaintiff is now attempting to enforce an agreement on the part of the corporation to buy from him property exceeding $50. As this agreement is oral the Statute of Frauds again is a defense. But whatever the agreement is that the plaintiff relies on, the corporation is now being asked not to " repurchase " property it once sold but to reduce its capital account by the amount of the plaintiff's investment. It could not repurchase except out of surplus and there is no evidence to show that there was a surplus. (Penal Law, § 664; *Topken, Loring & Schwartz, Inc.* v. *Schwartz*, 249 N. Y. 206; *Helburn Thompson Co.* v. *All Americas Mercantile Corp.*, 211 App. Div. 69; *Picalora* v. *Gulf Co-Operative Co.*, 68 Misc. 331.) Whether the plaintiff is required to show that a satisfaction of the judgment — not the performance of the corporation's contract — would not deplete capital or whether the defendant in the first instance is called upon to raise the question of illegality by way of defense, this factor alone — depletion of capital distinguishes the case from the cases of " sale and repurchase " mentioned in the preceding paragraph relating to the individual defendants. As I have said, the corporation is not being asked to repurchase what it had once owned; it did not " own " the stock that represented the plaintiff's investment and although all the parties to the transaction are the same — their status vis-à-vis another is no longer the same — no longer that of buyer and seller. The plaintiff acquired a special status as stockholder with his rights fixed by statute and by common law independent of the agreement to repurchase. That agreement gives him greater rights than he would otherwise have and subjects the corporation to an obligation that it did not assume from the mere issuance of stock and that it can be called on to discharge only in special circumstances. There are indeed two transactions here, not one — each independent of the other; and each transaction has consequences separate and distinct from the other. We cannot say that the delivery of the stock certificates to the plaintiff is so integral

a part of the transaction to repurchase, that the delivery alone is sufficient warrant for the enforcement of an oral promise.

The verdict is set aside and the complaint is dismissed as to all defendants.