PAULINE L. BARON, Appellant, v. NATHAN SCHACHTER, Respondent.

First Department, July 1, 1954.

*Laurence E. Deutsch* of counsel (*M. Carl Levine, Morgulas & Foreman,* attorneys), for appellant.

*Bernard Friedman* of counsel (*Jack Turret* with him on the brief; *Bernard Friedman,* attorney), for respondent.

COHN, J. The complaint alleges that defendant in October, 1952, purchased and obtained from plaintiff, for the sum of $20,000, ten shares of Class A common stock of the Jomil Realty Corporation, representing 50% of its issued and outstanding stock, upon the " further understanding that the plaintiff would have the right to repurchase " such stock within one year from the date of such purchase at the sale price plus 6% interest. The complaint further alleges that thereafter and within the year the defendant refused to " recognize " plaintiff's right to repurchase such stock although she was ready, able and willing to do so. The complaint then states that no actual tender was made by plaintiff to defendant by reason of the latter's anticipatory breach. Judgment is demanded in the sum of $10,000. It would appear that the damages sought are based upon the difference between the purchase price of the stock and its enhanced value estimated at $30,000. This estimate of the increased value is predicated upon an allowance in condemnation proceedings of $65,000 for the property (of which the ten shares in question comprised a one-half interest) made subsequent to the sale of the stock.

As the complaint upon its face does not indicate whether the agreement of sale and alleged agreement for repurchase were oral or in writing, the fact had to be developed by affidavits. Defendant's moving affidavit annexes an agreement in writing, the only agreement in writing relating to the sale of this stock, which is a clear-cut agreement of sale without any strings attached to it. It appears that the sale of the stock was fully

executed in accordance with the terms set forth in this written contract of sale. The contract, prepared by attorneys, is unambiguous and concise, describing the stock and reciting, among other things, the consideration paid for it, the simultaneous execution by plaintiff and her husband of their resignations as directors and officers of the corporation and of general releases running in favor of the corporation; in the agreement there is not the slightest suggestion of any right by plaintiff to repurchase. Defendant rests upon the completeness of the agreement, denies that there was any " understanding " between the parties for repurchase of the stock by plaintiff, and relies upon the Statute of Frauds for a dismissal of the complaint.

Confronted with this record, plaintiff presents a version of the transaction in an answering affidavit which amounts to a confession and avoidance. She acknowledges the writing but asserts there was really only a single oral agreement of sale with an option to repurchase, that the writing was prepared by defendant's attorney, trusted by plaintiff, and that when exception was taken to its incompleteness the attorney stated that he did not want both the agreement of sale and the agreement of resale in the same document and that he did not have time to draw the other part of the agreement but would draw that part the next day.

The gist of plaintiff's argument on this appeal is that the motion should be treated as if it were addressed to the face of the complaint without the showing of facts made in the moving papers. Reverting to the complaint and ignoring the facts, plaintiff states in her brief that the complaint pleads a single oral contract with part performance of that portion of the agreement relating to the sale of the stock. Plaintiff relies upon that alleged part performance to exempt her claim to repurchase from the Statute of Frauds. Alternatively she contends that the agreement may be construed as an agreement to sell with a right to rescind, and cites cases where the purchaser of stock under an oral agreement of sale has been held entitled to enforce a companion right to put the stock back to the seller upon the theory that the resale is not a separate sale of the stock but is a rescission of the entire contract. Plaintiff endeavors to bring this case within that line of authorities with the statement, " No agreement other than the oral agreement for the sale of the stock, and for the rescission of the same at the option of appellant was ever entered into."

This academic argument is completely destroyed by the stark fact of a written agreement without any reference whatever to the alleged reservation of a right to repurchase. With only the slightest concession to reality, plaintiff states, " A sharp question of fact is raised by the affidavits, therefore, as to whether or not there was one oral agreement, as [appellant] claims, or a written agreement, as [respondent] claims." There is no such question. There was a written agreement clear and complete upon its face. Admittedly it was accepted and signed by plaintiff and duly executed in accordance with its express terms, albeit the acceptance was upon the asserted understanding that there was to be another and separate agreement of repurchase. Plaintiff at least acquiesced in the separate treatment of the two parts of the transaction. Her claim to a right to repurchase the stock must fail for want of a writing.

The order should be affirmed, with costs and disbursements.

CALLAHAN, J. (dissenting). This is a motion to dismiss the complaint on the ground that it is barred by the Statute of Frauds. We are not called on to determine at this time whether plaintiff may be frustrated by the parol evidence rule when he attempts to prove the facts he has alleged.

The plaintiff is, in effect, asserting a rescission of the original bargain in accordance with an option for repurchase of the stock. The agreement is alleged to be part of the original transaction, and as such does not constitute a new and independent contract for repurchase following upon an executed sale of the stock. The original contract of sale is a single and entire agreement performed to the extent of payment and delivery, and the executory feature sought to be enforced in this action is valid and not barred by the Statute of Frauds. The plaintiff is not suing upon a contract for the sale of goods, but to enforce a provision for rescission of the bargain entirely outside the scope of the statute. (See *Johnston* v. *Trask,* 116 N. Y. 136; *Miller* v. *Associated Gas & Elec. Co.,* 243 App. Div. 267; *Fitzpatrick* v. *Associated Gas & Elec. Co.,* 148 Misc. 538; Personal Property Law, § 85.) Accordingly, I dissent and vote to reverse the order appealed from and deny the motion to dismiss the complaint.

PECK, P. J., BOTEIN and BERGAN, JJ., concur with COHN, J.; CALLAHAN, J., dissents and votes to reverse, in opinion.

Order affirmed, with $20 costs and disbursements to the respondent.