**Rainer W. KRISTINUS, Plaintiff,**

v.

**H. STERN COM. E IND. S.A., Defendant.**

**No. 76 Civ. 1532.**

United States District Court, S. D. New York.

March 7, 1979.

Farber & Childs, New York City, for plaintiff; John J. von der Lieth, New York City, of counsel.

Bloom, Epstein, Wayne, Reiss & Milner, New York City, for defendant; George Reiss, New York City, of counsel.

LASKER, District Judge.

In December, 1974, Rainer Kristinus purchased three gems from H. Stern Com. E Ind. S.A. (H. Stern) in Rio de Janeiro. Kristinus asserts that when he purchased the gems, a vice-president of H. Stern assured him orally that he could return them for a complete refund at the offices of H. Stern's New York City franchisee, H. Stern Jewelers, Inc. However, when Kristinus tendered the gems to H. Stern Jewelers in January 1975, his request for a refund was denied. This suit for specific performance followed. H. Stern's motion to dismiss the complaint under the Brazilian Statute of Frauds was denied. *Kristinus v. H. Stern Com. E Ind. S.A.,* 463 F.Supp. 1263 (S.D.N. Y.1979). H. Stern now moves to dismiss under U.C.C. § 2–326, on the ground that the alleged oral promise to repurchase the gems is unenforceable under New York's Statute of Frauds. This motion is also denied.

■ If U.C.C. § 2–326(1) (McKinney 1964) applies, the transaction involved here was a "sale on approval," and not a "sale on return," because the gems were delivered to Kristinus "primarily for use" rather than "primarily for resale." Accordingly, U.C.C. § 2–326(4), which provides that in the case of a "sale on return" the promise to repurchase is to be treated as an independent contract for purposes of the general New York Statute of Frauds, U.C.C. § 2–201 (McKinney 1964), has no application, and the alleged repurchase agreement is to be treated as a part of the underlying contract of sale rather than as a separate contract. Unless it is a "sale on return," a contract which includes a contemporaneous promise to repurchase is a single contract. *See Johnston v. Trask,* 116 N.Y. 136, 141–42, 22 N.E. 377, 378 (1889); *Finlaw v. Wertheim,* 161 Misc. 339, 340–42, 291 N.Y.S. 645, 648–49 (Sup.Ct., New York Co.), *aff'd mem.,* 248 App.Div. 572, 288 N.Y.S. 1092 (1st Dept.), *aff'd per curiam,* 272 N.Y. 550, 4 N.E.2d 731 (1936); 2 A. Corbin, Contracts § 497 (1950).

■ Treating the contract of sale and the alleged promise to repurchase as a single

contract, it is clear that U.C.C. § 2–201 (McKinney 1964) does not render that contract unenforceable, because H. Stern admits that a contract for sale was made, and payment has been made and accepted, either of which suffices to take the contract out of the statute. *Id.* § 2–201(3)(b), (c). Moreover, the alleged promise to repurchase is not void under New York General Obligations Law § 5–701, because by its terms it was to be performed within one year.

For the reasons stated, the defendant's motion to dismiss the complaint is denied.

It is so ordered.